IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-23-0126 |
| AL TARIQ SMITH, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

Defendant Al Tariq Smith filed a Motion in Limine requesting the Court to Play the Western District of Washington's Unconscious Bias Video for the Jury (ECF No. 69.) For the reasons set forth below, that motion is DENIED.

Multiple courts have denied defense requests to play unconscious bias videos such as the one at issue here. *See, e.g., United States v. Jacobs*, 2022 WL 1624609, at *7 (S.D. Ohio May 23, 2022) (denying request to play implicit bias video because doing so "would require the Court to deviate from its standard practices" such as voir dire and preliminary jury instructions, and "[a]herence to these standard practices, which have been developed over years of trial experience, promote fairness and consistency across cases"); *United States v. Covorrubias*, 2020 WL 1170216, at *1 (D. Nev. Mar. 11, 2020) (denying defense request to play W.D. Wash. unconscious bias video prior to jury selection because Ninth Circuit model criminal jury instructions and voir dire were "more than sufficient to prevent jurors from deciding Covarrubias's guilt or innocence based in any part on his race or national origin"); *United States v. Caldwell*, 81 F.4th 1160, 1176 (11th Cir. 2023) (finding no abuse of discretion in affirming

district court's decision not to play unconscious bias video; agreeing with district court that by labelling so many aspects of juror experiences as "biases," the video could "cause jurors to question their ability to make judgments based upon their common sense and experience" and to "doubt their own conclusions and the conclusions of their peers, and to presume that any decision is tainted by an 'automatic' and unavoidable bias"); *United States v. Jessamy*, 464 F. Supp. 3d 671, 678 (E.D. Pa. June 1, 2020) (denying motion to play unconscious bias video because doing so "through the proposed video seems more likely to cause jurors to focus heavily on a single aspect of their duty as jurors at the expense of others that are equally as important"). In fact, this Court recently denied a request to play the exact video requested here. *See United States v. Erbeth Gomez-Delgado*, LKG-23-457, at ECF No. 63. As Judge Griggsby of this Court noted in her consideration of the proposed video, "[t]his Court has a long-standing and well developed process, that we try to get at bias during the jury instructions, the voir dire process, and through the process of the Court communicating with the venire when they come in to begin the jury selection process." (ECF No. 83-1 at 3.) The existing procedures in this Court, such as voir dire and jury instructions, already exist to address the bias concerns raised by the Defendant. Those existing measures, long part of the customary practices in this District, make the proposed video unnecessary. Moreover, the unconscious bias video bears its own risk of injecting prejudice and confusion into this case. Accordingly, the motion in limine (ECF No. 69) is DENIED.

## CONCLUSION

For foregoing reasons, it is this 29th day of July, 2024, hereby ORDERED that Defendant's Motion in Limine Requesting the Court to Play the Western District of

Washington's Unconscious Bias Video for the Jury (ECF No. 69) is DENIED. The Clerk of the Court shall transmit copies of this Memorandum Order to counsel of record.

Dated: July 29, 2024

_____/s/_____
Richard D. Bennett
United States Senior District Judge
